ACCEPTED
03-14-00765-CV
4651725
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/26/2015 10:43:01 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00765-CV

IN THE COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/26/2015 10:43:01 AM
JEFFREY D. KYLE
Clerk

**NANCY JO RODRIGUEZ,**

*Appellant*,

**vs.**

**THE WALGREEN COMPANY AND SARA ELIZABETH MCGUIRE,**

*Appellees*

On Appeal from the 419th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-14-GN-000903
The Honorable Gus J. Strauss, Judge Presiding

**APPELLANT'S REPLY BRIEF**

L. Todd Kelly
Texas Bar No. 24035049
The Carlson Law Firm, P.C.
11606  N. IH-35
Austin, Texas 78753
Tel. 512-346-5688
Fax 512-719-4362
Tkelly@carlsonattorneys.com

Counsel for Nancy Jo Rodriguez

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Index of Authorities .................................................................................. 3

Summary of Reply Argument ..................................................................4

Argument in Reply...................................................................................6

    I. DR. HARDY'S REPORT SETS FORTH A FAIR AND DETAILED
    SUMMARY OF THE STANDARD OF CARE AND WALGREEN AND
    MCGUIRE'S BREACH OF THE STANDARD OF CARE ............................................6

    II. DR. HARDY IS QUALIFIED TO OPINE ON THE ISSUES IN THIS
    CASE PURSUANT TO THE STATUTORY DEFINITION OF PRACTICING
    MEDICINE ................................................................................................10

    III. DR. BREALL'S REPORT PROVIDES A CAUSAL LINK BETWEEN
    NANCY RODRIGUEZ'S CONTINUED PRADAXA THERAPY AND HER
    INJURIES ..................................................................................................12

Prayer ....................................................................................................13

Certificate of Compliance .....................................................................14

Certificate of Service ............................................................................15

# INDEX OF AUTHORITIES

Case Law

*Abilene Regional Medical Center v. Allen*, 387 S.W.3d 914, 918 (Tex. App.—Eastland 2012, pet. denied) ........................................................................12

*Am. Transitional Care Center of Texas v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001) ....................................................................................................6, 7

*Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 631 (Tex. 2013) .........................7, 10

*Davisson v. Nicholson*, 310 S.W.3d 543, 558 (Tex. App.—Fort Worth 2010, no pet.) ....................................................................................................12

*Gannon v. Wyche*, 321 S.W.3d 881, 897 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ..................................................................................................7

*Gray v. CHCA Bayshore L.P.*, 189 S.W.3d 855, 859 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ........................................................................................7

*In re Stacy K. Boone*, 223 S.W.3d 398, 406 (Tex. App.—Amarillo 2006, orig. proceedings) ........................................................................................6

*Mettauer v. Noble*, 326 S.W.3d 685, 694 (Tex. App.—Houston [1st Dist.] 2010, no pet.) .........................................................................................7

*Packard v. Guerra*, 252 S.W.3d 511, 526 (Tex. App.—Houston [1th Dist.] 2008, pet. denied) ..................................................................................................12

Statutes

TEX. CIV. PRAC. & REM. CODE § 74.351(a) ..............................................................6

TEX. CIV. PRAC. & REM. CODE § 74.402(a) ............................................................11

TEX. CIV. PRAC. & REM. CODE § 74.402(b) ..................................................... 10-11

## SUMMARY OF REPLY ARGUMENT

The expert reports of J. Chad Hardy, Pharm.D., M.S. and Jeffrey A. Breall, M.D., when considered in the aggregate, satisfy Nancy Jo Rodriguez's expert report requirements under Chapter 74. The expert reports provide a fair summary of the experts' opinions on each required element of Rodriguez's claim against The Walgreen Company and Sara Elizabeth McGuire. As a result, the trial court abused its discretion in granting Walgreens and McGuire's Motion to Dismiss.

In their Brief, Walgreens and McGuire argue that Dr. Hardy's opinion is conclusory and speculative because it is allegedly contingent on their knowledge that the drug Pradaxa had been discontinued by Nancy's physicians. Appellees then conclude that Dr. Hardy's report is deficient because he fails to opine that they actually knew Pradaxa should not be dispensed. In making this argument, Appellees either misunderstand or misconstrue Dr. Hardy's opinion, which is based on Appellees' failure to obtain verification from Nancy's physician to continue dispensing the drug. Dr. Hardy specifically faults Walgreens and McGuire for failing to verify whether the prescription should be continued in the first place − an omission, rather than for dispensing the medication *despite* knowing that it should not be dispensed, a comission. Dr. Hardy opines that it was the responsibility of Appellees to communicate with the physician to verify

4

whether the drug should be continued. It was this failure, combined with Appellees' decision to fill the prescription without verification, that fell below the standard of care. In addition, despite Appellees' contention to the contrary, Dr. Hardy references both Walgreens and McGuire by name in describing the manner in which they breached the standard of care.

Dr. Hardy is qualified to opine on the issues in this case because he is "practicing medicine" in the area relevant to the claim, as that term is defined in TEX. CIV. PRAC. & REM. CODE § 74.402(a). As described in his report and *curriculum vitae*, Dr. Hardy is a pharmacy consultant and is licensed to practice as a pharmacist. Because he actively consults and is licensed in the same field as Appellees, Dr. Hardy is "practicing medicine" in the area relevant to the claim. Further, as discussed in Appellant's Brief, he has extensive knowledge in processing and handling prescriptions, including prescriptions for the drug at issue here: Pradaxa. Although Appellees choose to disregard the statutory definition of "practicing medicine", the clear language of his report and *curriculum vitae* demonstrate that Dr. Hardy is qualified to opine in this case under Chapter 74.

Finally, the reports of Dr. Hardy and Dr. Breall provide a fair summary of the experts' opinions on each element of Rodriguez's claim. Dr. Hardy states, in specific and detailed language, the standard of care applicable to Appellees as well as their breach of that standard. His report shows that Appellees failed to verify

5

that the drug should be continued with Nancy's physicians, and that Appellees dispensed the drug to Nancy without verifying it with a physician. Dr. Breall's report then demonstrates the causal link between Nancy's continued Pradaxa therapy – which resulted from Walgreens and McGuire dispensing the drug without verification – and her injuries.

**ARGUMENT IN REPLY**

**I. DR. HARDY'S REPORT SETS FORTH A FAIR AND DETAILED SUMMARY OF THE STANDARD OF CARE AND WALGREENS AND MCGUIRE'S BREACH OF THE STANDARD OF CARE.**

The expert report of Dr. J. Chad Hardy, Pharm.D., M.S. sets forth a fair and detailed summary of the standard of care as well as Walgreens and McGuire's breach of that standard. A report satisfies the requirements of TEX. CIV. PRAC. & REM. CODE § 74.351 if the report is 1) sufficiently specific to inform the defendant of the conduct the plaintiff has called into question and (2) provides the trial court with a basis to conclude her claims have merit. *Am. Transitional Care Center of Texas v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). Although "[Defendants] may disagree with [Plaintiff's expert's] opinions" contained in an expert report, the report is adequate if it contains a fair summary of the expert's opinions and adequately informs them of the specific conduct called into question. *In re Stacy K. Boone*, 223 S.W.3d 398, 406 (Tex. App.—Amarillo 2006, orig. proceedings).

6

The Supreme Court has recently stressed that the Chapter 74 expert report requirement is a **threshold requirement** in a medical malpractice lawsuit. *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 631 (Tex. 2013). In analyzing a Chapter 74 expert report, the trial court's role "is not to determine the truth or falsity of the expert's opinion but to act as gatekeeper." *Mettauer v. Noble*, 326 S.W.3d 685, 694 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In addition, "[b]ecause the statute focuses on what the report discusses, the only information relevant to the inquiry is within the four corners of the document." *Palacios*, 46 S.W.3d at 878. The trial court *may not* draw inferences from information outside the expert report, or infer additional information. *Gray v. CHCA Bayshore L.P.*, 189 S.W.3d 855, 859 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Gannon v. Wyche*, 321 S.W.3d 881, 897 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

The decision before the trial court in this case was whether the expert reports of Dr. Hardy and Dr. Breall constituted an adequate Chapter 74 expert report. Contrary to the arguments of Walgreens and McGuire, which misconstrue the requirements necessary for an expert report at this threshold stage of litigation, Dr. Hardy's report fully satisfies these requirements with regard to the standard of care and Walgreen and McGuire's breach of that standard. In his report, Dr. Hardy sets forth the standard of care applicable to Walgreens and McGuire and opines that this level of care was not provided to Nancy. According to Dr. Hardy, pharmacists

7

*must* "contact the prescribing physician if patient harm is possible to validate the prescription" and are "responsible for ensuring prescription is accurately communicated and dispensed as intended by the prescriber." CR 40-41. He further provides that pharmacists *must* communicate with the prescribing physician to "validate continuation of therapy when no refills remain on a prescription." CR 41. Dr. Breall notes that Walgreens and McGuire failed to provide care according to these standards. CR 41. He specifically opines that Walgreens and McGuire failed to abide by the standard of care by (1) continuing to dispense a prescription for [Pradaxa] after the prescribing physician indicated it should be discontinued; and **(2) Failing to verify if the prescription for [Pradaxa] should be continued with the prescribing physician**.

Dr. Hardy's opinion, as set forth in his report, is that the standard of care required Walgreens and McGuire to verify if Pradaxa should be continued – and they failed to do so. In other words, Walgreens and McGuire were unaware that the medication should not be continued because they failed to verify the prescription with the prescribing physician, thus breaching the standard of care. Appellees argue that Dr. Hardy's report is "speculative because it relies on the assumption that Walgreen and McGuire were *aware* of Dr. Kessler's advice to discontinue the use of Pradaxa." (Brief of Appellees, pp. 9-10) (emphasis added). Dr. Hardy's report does not speculate, and it does not rest on the argument that Walgreens and

8

McGuire were actually aware that the medication was discontinued. Instead, Dr. Hardy's report specifically provides that the breach of the standard of care was in failing to be aware that the prescription was discontinued. By arguing that Dr. Hardy's report somehow requires Appellees to have had knowledge that Pradaxa was discontinued, they misconstrue the plain language of Dr. Hardy's report. They fail to understand that Dr. Hardy faults Appellees for their negligent omission in failing to contact Nancy's physicians as well as for their actions in dispensing the medication without verifying it. Nothing in his opinion is premised on Appellees having actual knowledge that the medication was discontinued. Such a level of knowledge would be tantamount to an intentional act, which was not plead. Dr. Hardy's opinion within the four corners of his report – which is all that may be considered when analyzing a Chapter 74 report – sets forth a detailed and fair summary of the conduct called into question by Rodriguez's claims.

Dr. Hardy's report is sufficient as to both Walgreens and McGuire. Appellees allege that Dr. Hardy's report "does not separately set out the alleged acts of negligence and causal connection for each of the multiple defendants." However, Dr. Hardy's report specifically refers to the conduct of "Walgreens, Sara Elizabeth McGuire (pharmacist), and pharmacist with the initials MDD", and sets out the manner in which they breached the standard of care. CR 41. Dr. Hardy's

9

report names Walgreen and McGuire and then describes the negligent acts and omissions applicable to both. Walgreen and McGuire's argument is without merit.

Furthermore, Appellant's claims against Walgreens are vicarious in nature. "When a health care liability claim involves a vicarious liability theory...an expert report that meets the statutory standards as to the employee is sufficient to implicate the employer's conduct under the vicarious theory." *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 632 (Tex. 2013). As a result, any argument that the report is deficient for not specifying Walgreen's actions as an employer must also fail. In setting out the acts and omissions of Walgreen's pharmacist – specifically, McGuire's conduct in continuing to dispense an unauthorized prescription and her failure to verify the prescription – Dr. Hardy's report meets the statutory standard as to McGuire. As a result, pursuant to *Potts*, the report is also sufficient against Walgreen.

## II. DR. HARDY IS QUALIFIED TO OPINE ON THE ISSUES IN THIS CASE PURSUANT TO THE STATUTORY DEFINITION OF PRACTICING MEDICINE.

Dr. Hardy is qualified under TEX. CIV. PRAC. & REM. CODE § 74.402 because he is "practicing" in the areas directly relevant to this claim.[1] Section 74.402 requires that an expert be "**practicing health care** in a field of practice that

---

[1] While Appellees choose to refer to Dr. Hardy as "Mr. Hardy" throughout their Brief, Dr. Hardy's report and *curriculum vitae* indicate he holds a Doctorate of Pharmacy from the University of Texas.

involves the same type of care or treatment as that delivered by the defendant health care provider...at the time the testimony is given or...at the time the claim arose." TEX. CIV. PRAC. & REM. CODE § 74.402(b)(1). Section 74.402(a) defines "practicing health care" to include:

(1) training health care providers in the same field as the defendant health care provider at an accredited educational institution;  or

*(2) serving as a consulting health care provider and being licensed, certified, or registered in the same field as the defendant health care provider* (emphasis added).

Dr. Hardy's report and *curriculum vitae* demonstrate he is "practicing medicine" because he serves as a pharmacy consultant and is a licensed pharmacist. CR 13; CR 39-40. He consults in, and holds an active license in, the "same field" as McGuire (a pharmacist) and Walgreens (a pharmacy). Appellees argue that Dr. Hardy is not "practicing and rendering health care" because he was allegedly not filling prescriptions for patients. In making this argument, Appellees ignore the definition of "practicing health care" in § 74.402(a), and fail to reference this definition or explain how Dr. Hardy fails to meet it. Appellees further fail to address Dr. Hardy's extensive experience in handling prescriptions, managing pharmacies, and ensuring proper patient care, as discussed in Appellant's Brief. His report and *curriculum vitae* make it clear that he practices in precisely the "very matter" relevant to this claim – the proper handling and processing of

11

prescriptions. CR 13; CR 40. Based on the statutory definition of "practicing health care", it is evident that the Dr. Hardy is qualified to opine on the issues in this case.

**III. DR. BREALL'S REPORT PROVIDES A CAUSAL LINK BETWEEN NANCY RODRIGUEZ᾽S CONTINUED PRADAXA THERAPY AND HER INJURIES.**

The reports of Dr. Breall and Dr. Hardy, when considered in the aggregate, satisfy each element of Rodriguez's claims against Walgreen and McGuire. When a plaintiff serves multiple expert reports, the reports should be considered in the aggregate to determine whether her expert report requirements have been met. See *Packard v. Guerra*, 252 S.W.3d 511, 526 (Tex. App.—Houston [1th Dist.] 2008, pet. denied); *Davisson v. Nicholson*, 310 S.W.3d 543, 558 (Tex. App.—Fort Worth 2010, no pet.). Further, "a plaintiff may serve multiple reports by separate experts regarding different defendants, different claims, and different issues, as long as the reports, read together, provide a fair summary of the standard of care, breach, and causation." *Abilene Regional Medical Center v. Allen*, 387 S.W.3d 914, 918 (Tex. App.—Eastland 2012, pet. denied).

The report of Dr. Hardy provides that Appellees dispensed Pradaxa in violation of the standard of care. Specifically, Appellees dispensed Pradaxa without authorization, and failed to contact the prescribing physician to verify whether the medication should be dispensed. His report makes it clear that the drug was dispensed to Nancy in violation of the standard of care. Dr. Breall's report

12

then connects Nancy's injuries to her continued Pradaxa therapy. Appellees complain that Dr. Breall's report does not specify them by name, and thus Appellant failed to serve an expert report as to them. This argument would be correct if *only* the report of Dr. Breall was served on Appellees. However, the report of Dr. Hardy specifies the negligent acts of both Walgreens and McGuire, and it must be "read together" with the report of Dr. Breall. Indeed, since Dr. Breall is not a pharmacist, he would not even be qualified to opine that Appellees breached the standard of care so as to necessitate naming them. He is qualified to opine only as to causation, and he has done so in this case. If the reports are considered in the aggregate, as the trial court here was required to do, the reports present a fair summary on each element of Plaintiff's claim as to Appellees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Nancy Jo Rodriguez respectfully requests that the Court reverse the decision of the trial court granting Walgreens and McGuire's Chapter 74 Motion to Dismiss. Rodriguez also requests that she be awarded her reasonable attorney's fees and costs as allowed by Chapter 74 of the Texas Civil Practice and Remedies Code. Rodriguez further prays for such other relief to which she may be justly entitled.

13

Respectfully submitted,

L. Todd Kelly
Tkelly@carlsonattorneys.com
State Bar No. 24035049
**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
(512) 346-5688
(512) 719-4362  (Fax)

/s/ L. Todd Kelly
L. Todd Kelly

**ATTORNEY FOR
NANCY JO RODRIGUEZ**

## CERTIFICATE OF COMPLIANCE

I hereby certify that Appellant's Brief contains 2,382 words, based on Microsoft Word's word-count function.

/s/ L. Todd Kelly
L. Todd Kelly

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the 26th day of March, 2015.

***Electronic Transmission:***
Cynthia Day Grimes
Cynthia.Grimes@strasburger.com
Judith R. Blakeway
Judith.Blakeway@strasburger.com
Strasburger & Price, LLP
2301 Broadway
San Antonio, Texas 78215

Chris Knudsen
Cknudsen@serpejones.com
America Tower
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Tel. (713) 452-4400
Fax. (713) 452-4499

Missy Atwood
Matwood@germer-austin.com
Germer, Beaman & Brown, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701

/s/ L. Todd Kelly
L. Todd Kelly